# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,       :       Case No. 3:11-cr-053
                                            Also Case No. 3:13-cv-172

                                            District Judge Thomas M. Rose
     -vs-                                      Magistrate Judge Michael R. Merz
                                    :

MICHAEL EVANS,

       Defendant.

# REPORT AND RECOMMENDATIONS; DECISION AND ORDER ON MOTION TO AMEND

This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255 (Doc. No. 58). On request and with the Court's permission, Evans filed a Memorandum in Support (Doc. No. 60). The United States has filed a Response in Opposition (Doc. No. 62) and Evans has filed a Traverse (Doc. No. 64).

Evans pleads one Ground for Relief:

> **Ground One**: Evans was denied effective assistance of counsel.
>
> **Supporting Facts:** In this case, Evans was designated a career offender, and sentenced to 151 months.[1] Aside from the fact that Evans's prior convictions were the product of allied offenses, counsel passed on an opportunity to argue the foundation of the

---

[1] In his Memorandum in Support, Evans corrects this figure to 120 months, the sentence actually imposed (Doc. No. 60, PageID 269).

> career offender section of the guidelines. That is, they are not the output of "empirical data," and they are entirely strict liability. In addition, the Sentencing Commission expanded the scope of the career offender guideline without statutory authority. Evans attorney let these matters slip by leaving him languishing in prison for at least 60 extra months. Under these circumstances was Evans denied effective assistance of counsel.

(§ 2255 Motion, Doc. No. 58, PageID 256). Evans claims his trial attorney, Aaron Durden, was ineffective in two ways. First of all, Mr. Durden failed to argue that the career offender guidelines within the Sentencing Guidelines are invalid, either because they are somehow unconstitutional or because they exceed the Sentencing Commission's statutory authority to adopt. Second of all, Mr. Durden failed to take appropriate steps to prevent Evans' prior state court convictions from being used against him.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, ___, 130 S.Ct. 2250, 2264 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

*Id*. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *cert. denied,* ___ U.S. ___, 132 S.Ct. 1760 (2012), *quoting Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 792 (2011).

The nub of Evans' first sub-claim is that Mr. Durden failed to argue the unconstitutionality of Guideline § 4B1.1 because it exceeds the Sentencing Commission's

3

authority (Memorandum, Doc. No. 60, PageID 274). As the Government points out in response (Doc. No. 62, PageID 295-96), the Sixth Circuit has rejected this argument. *United States v. Najur,* 2000 U.S. App. LEXIS 14033, *8-10 (6th Cir. 2000); *United States v. Collier*, 506 Fed. Appx. 459, 2012 U.S. App. LEXIS 24457 (6th Cir. 2012). In his Traverse, Evans does not deal with this directly applicable appellate authority, but instead relies repeatedly on something he refers to as the "Deconstruction Article" (See, e.g. Traverse, Doc. No. 64, PageID 307). Although Evans does not give a citation, he presumably is referring to Evans, Coffin, and Silva, "*Sentencing Guidelines: Deconstructing the Career Offender Guideline*," 2 Charlotte L. Rev. 39 (2010), an article written by staff attorneys for the Sentencing Resource Project of the Federal Public and Community Defenders. However erudite, a law review article cannot trump a decision of the Sixth Circuit for a district court in that circuit.[2] Because the argument Evans makes had already been rejected by the Sixth Circuit, Mr. Durden cannot have been ineffective in failing to make it.

Evans' second sub-claim is that Mr. Durden did not do all he could have to eliminate the effect of Evans' prior state court convictions. He first asserts that the prior "drug offense used is in fact an allied offense subject to attack." (Memorandum, Doc. No. 60, PageID 278.) Although Evans does not say what offenses he is referring to, the prior drug offense relied on by the Court in finding Evans met the career offender guideline was a conviction in Montgomery County Common Pleas Court in Case No. 05CR2226 on counts of tampering with evidence, possession of crack cocaine in an amount between 10 and 25 grams, and trafficking in crack cocaine in the same amount. Presumably Evans is claiming that the possession and trafficking charges, which relate to the same act on the same day, are allied offenses of similar import subject to merging

---

[2] Evans repeatedly asserts that the Sentencing Commission did not rely on "empirical data" in constructing the career offender guideline. No provision of the United States Constitution required any such reliance.

under Ohio Revised Code § 2941.25, under *State v. Johnson*, 128 Ohio St. 3d 153, 2010-Ohio-6314 (2010), the Ohio Supreme Court's most recent pronouncement on the allied offenses statute.  However, *Johnson* does not apply retroactively to cases decided before it was handed down, such as Evans'.  *See, e.g., State v. Hughes*, 2012 Ohio 4513, 2012 WL 4503148, at *3 (Ohio Ct. App. 10th Dist. 2012); *State v. Boyce*, 2012 Ohio 3713, 2012 WL 3542268, at *2 (Ohio Ct. App. 2nd Dist. 2012); *State v. Boone*, 2012 Ohio 3653(Ohio Ct. App. 10th Dist. 2012); *State v. Pound*, 2012 Ohio 3392, 2012 WL 3061455, at *3 (Ohio Ct. App. 2nd Dist. 2012), *leave denied*, 2012 Ohio 5459 (table decision); *State v. Dukes*, 2012 Ohio 3033, 2012 WL 2522968, at *2 (Ohio Ct. App. 11th Dist. 2012),*leave denied*, 133 Ohio St. 3d 1467, 2012 Ohio 5149 (2012) (table decision); *State v. Kelly*, 2012 Ohio 2930, 2012 WL 2459149, at *3 (Ohio Ct. App. 8th Dist. 2012); *State v. Champion*, 2012 Ohio 2537, 2012 WL 2061590, at *1 (Ohio Ct. App. 2nd Dist. 2012), *leave denied*, 133 Ohio St. 3d 1424, 2012 Ohio 4902 (2012) (table decision); *State v. Holliday*, 2012 Ohio 2376, 2012 WL 1964026, at *2 (Ohio Ct. App. 5th Dist. 2012); *State v. Hickman*, 2012 Ohio 2182, 2012 WL 1744531, at *2 (Ohio Ct. App. 5th Dist. 2012), *leave denied*, 133 Ohio St. 3d 1411, 2012 Ohio 4650 (2012) (table decision); *State v. Smith*, 2012 Ohio 1891, 2012 WL 1494285, at *5 (Ohio Ct. App. 3rd Dist. 2012), *leave denied*, 132 Ohio St. 3d 1533, 2012 Ohio 4381 (2012) (table decision); *State v. Layne*, 2012 Ohio 1627, 2012 WL 1247209, at *3 (Ohio Ct. App. 4th Dist. 2012); *State v. Parson*, 2012 Ohio 730, 2012 WL 601807, at *2 (Ohio Ct. App. 2nd Dist. 2012).  Moreover, even if these two drug convictions were merged, Evans would be left with a felony drug conviction as well as his 2000 conviction for felonious assault, the other conviction which made him eligible for career offender status.

     Evans claims Mr. Durden did not investigate ways in which the prior convictions might have been unconstitutional, but does not himself suggest any such ways.  The Presentence

5

Investigation Report shows that he was represented by experienced criminal defense counsel in each case and pled either guilty or no contest.

Nor does Evans suggest what Mr. Durden could have done about the prior convictions. In each of those cases the various statutes of limitations for attacking the convictions in Ohio state courts had expired as had the one-year statute of limitations for federal habeas corpus.

As the Government points out, Mr. Durden very effectively argued to depreciate the "value" of the prior convictions. Evans had a Plea Agreement which capped his sentence at 151 months, but Mr. Durden was able to persuade Judge Rose to depart downward from the guideline range by 31 months and impose a sentence of 120 months. Had Evans been convicted of count 1 of the indictment, that would have been the mandatory minimum sentence.

Evans' argument as to both of his sub-claims fails both prongs of the *Strickland* test: he has shown neither deficient performance by Mr. Durden nor any resulting prejudice. The § 2255 Motion should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

**Motion to Amend**

At the end of his Traverse, Evans seeks to amend to add claims under *Descamps v. United States*, 133 S. Ct. 2276 (2013); *Moncrieth v. Holder*, 133 S. Ct. 1620 (2013); and *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

*Descamps* interpreted the term "violent felony" in the Armed Career Criminal Act. Evans was not charged under that Act and *Descamps* therefore has no applicability to this case.

There is no decision of the Supreme Court entitled *Moncrieth v. Holder* at the citation given by Evans nor any decision by the Supreme Court at all with a party named "Moncrieth."

*Alleyne* overruled *Harris v. United States,* 536 U.S. 545 (2002), and held that facts necessary to establish a defendant's liability for a mandatory minimum sentence were required to be pled in the indictment and proved beyond a reasonable doubt. No mandatory minimum sentence was imposed in this case and Evans admitted the facts necessary to establish criminal liability, so *Alleyne* has no applicability.

Because the cases relied on by Evans in his motion to amend do not apply to his situation, the Motion to Amend is DENIED.

October 10, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).