# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,      :      Case No. 3:11-cr-053
                                                 Also Case No. 3:13-cv-172

                                                 District Judge Thomas M. Rose
      -vs-                                 Magistrate Judge Michael R. Merz
                                      :

MICHAEL EVANS,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant's Objections (Doc. No. 66) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 65).  Judge Rose has recommitted the case for reconsideration in light of the Objections (Doc. No. 67).

       In his sole Ground for Relief, Evans contends he received ineffective assistance of trial counsel when his trial attorney, Aaron Durden, failed to argue that the Career Offender guidelines portion of the U.S. Sentencing Guidelines is invalid and when he failed to attack the prior state court convictions on which the Government relied for career offender status.  The Report recommends dismissal with prejudice because Evans has not shown any way in which a successful attack could have been mounted on either the Guidelines or the prior convictions.  The Report also denied Evans' Motion to Amend.

       The Report concluded this particular attack on the Guidelines had already been rejected by the Sixth Circuit in *United States v. Najur,* 2000 U.S. App. LEXIS 14033, *8-10 (6th Cir.

1

2000); *United States v. Collier*, 506 Fed. Appx. 459, 2012 U.S. App. LEXIS 24457 (6th Cir. 2012), and noted that Evans had not dealt with this case authority in his Traverse (Report, Doc. No. 65, PageID 319).  In his Objections, Evans explains that he "does not deal with this authority because his position relies on the argument represented [sic] by Federal Defender James F. Whalen as *amicus curiae* in *United States v. Lori Newhouse*, [919 F. Supp. 2d 955] (N.D. Ia. Jan. 13, 2013)" (Doc. No. 66, PageID 325).  Whatever the position of the *amicus curiae*, Judge Bennett, the judge who decided the *Newhouse* case, did not find the Career Offender Guidelines unconstitutional or otherwise beyond the authority of the Sentencing Commission to adopt.  Even if he had, a decision by a district judge from outside (or inside) the Sixth Circuit could not overrule decisions of our circuit court.

Evans also objects to the Magistrate Judge's conclusion that Mr. Durden was not ineffective for failing to challenge the predicate prior offenses.  Evans claims "Durden could have easily reviewed the prior convictions and found that state counsel failed to properly advise Evans that they could be used to enhance a later crime.  *See Padilla v. Kentucky*, 130 S. Ct. 1476 (2010)(Scalia, J., dissenting)" (Objections, Doc. No. 66, PageID 325-26.)

Failure to advise a defendant of possible collateral consequences of a guilty or no contest plea does not invalidate the resulting conviction.  The defendant need only be informed of the direct consequences; the trial court is under no obligation to advise of all the possible collateral consequences of the plea.  *Brown v. Perini,* 718 F.2d 784 (6th Cir. 1983).  A defendant need not be told of the possible enhancing effect on subsequent sentences, which is merely collateral.  *United States v. Brownlie*, 915 F.2d 527 (9th Cir. 1990), adopted by the Sixth Circuit in *King v. Dutton,* 17 F.3d 151 (6th Cir. 1994).  The defendant must be advised of the possible maximum sentence.  *Hart v. Marion Correctional Institution*, 927 F.2d 256 (6th Cir. 1991). *Padilla v.*

2

*Kentucky*, 559 U.S. 356 (2010), holds only that it is ineffective assistance of trial counsel to fail to advise a non-citizen defendant of the deportation or removal consequence which will probably flow from a conviction. Thus even if Mr. Durden had inquired about whether prior counsel advised Evans he could be subject to enhanced penalties upon future conviction, the result would not have affected the validity of those convictions.

Evans also objects to the denial of leave to amend. He had sought leave to amend in very general terms to add claims under *Descamps v. United States*, 133 S. Ct. 2276 (2013); *Moncrieth v. Holder*, 133 S. Ct. 1620 (2013); and *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). He did not set forth what those claims would be and the Magistrate Judge denied the request because *Descamps* and *Alleyne* have no applicability to Evans' case and the purported *Moncrieth* case does not exist (Report, Doc. No. 65, PageID 321-22).

Evans says in his Objections that Descamps is broader than its holding with respect to 18 U.S.C. § 924(c) (Objections, Doc. No. 66, PageID 326, *citing Marrero v. United States*, 133 S. Ct. 2732 (2013).) In *Marrero*, the Supreme Court remanded a career offender case to the Third Circuit for reconsideration in light of *Descamps*, but the question was whether Marrero's prior conviction for simple assault could have been based on merely reckless as opposed to intentional or knowing conduct. Evans' predicate convictions were for drug trafficking and felonious assault. Neither of those offenses can be committed with a *mens rea* of recklessness under Ohio law. Thus while it is correct that *Descamps* applies beyond the Armed Career Criminal Act, it has no application to this case. Evans has provided no basis for applying *Alleyne* to this case.

**Conclusion**

Having reconsidered the case in light of Evans' Objections, the Magistrate Judge again respectfully recommends the § 2255 Motion be dismissed with prejudice.  Although Evans' also objects to the prior conclusion that no certificate of appealability should be granted and *in forma pauperis* status on appeal denied, he has offered no authority to show that reasonable jurists would disagree with any of the conclusions in the Report.  Therefore, because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

November 12, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).